Reeder v. Heirs of Wade.

---

[*Special Term, November*, 1870.]

E. B. REEDER *v.* THE HEIRS OF MELANCTHON S. WADE.

In a suit by a stockholder of the Miami Exporting Company, to subject assets in the hands of a trustee of that company, the corporation, or those who represent it, are necessary parties.

*Judges Mallon* and *Caldwell*, for plaintiff.

*Matthews & Ramsey*, for defendants.

STORER, J. The petition claimed that plaintiff was owner of twelve hundred shares in the capital stock of the Miami Exporting Company, an institution for many years existing in Cincinnati; that Wade, the deceased, was appointed a trustee by the directors to settle up its affairs, and in the course of his proceeding received from a debtor of the company a tract of land in Toledo, Ohio, taking the title in his

own name and failing to appropriate the property to the institution, the title of which remains in the representatives of Wade.

The prayer of the bill is that they may be decreed to hold the land for the benefit of the creditors of the company, and that on final hearing the plaintiff may receive whatever portion thereof he may be entitled to for his stock.

The defendants demur, and allege several grounds.

Judge Storer, in deciding the case, declined to pass on any of the grounds upon which the demurrer was alleged to be filed except one. He held that, before the decree could be had in the premises, the Miami Exporting Company, or those who legally represent it, should be made parties. An individual creditor can not obtain a judgment against any trustee of a company, the trust being for the benefit of both creditors and stockholders in that institution; and before the subject-matter could be properly adjudicated all the parties interested must be before the court. In every case where the individual stockholder is allowed to bring his action for any injury done to the corporate body, he must state in his pleadings that the corporation, or those who represent it, are unwilling to prosecute, and upon being requested to do so have declined. He may then commence his action. This has been settled in many cases and is the rule upon which this court, in General Term, decided the case of *Shoenberger et al.* v. *The Street Railroad Co.*

It appears that the Miami Exporting Company ceased to exist in the year 1849, and by the act of the legislature its franchise, that had been enjoyed since the year 1802, was then taken away; but, by a statute passed March 7, 1842, 1 S. & C. 363, and by another statute passed March 31, 1850, 1 S. & C. 365, provision is made for dissolved corporations, or those which have ceased to exist by the expiration of their charter. By the first statute, trustees may be appointed by a court having competent authority to represent the cor-

porate interests, or if none such are appointed, the directors, who held their offices at the time of the dissolution, may act until the affairs of the company are closed up. By the other, a suit may still be brought, after the dissolution or repeal of the charter, in the corporate name, and proceedings may be had as in any other case.

The plaintiff in the present case is not without remedy. Although the Miami Exporting Company does not now legally exist, yet, by availing himself of the privilege given by the statutes, he may place himself in such a position that it may be possible for the court to act and decide the whole controversy.

The demurrer would be sustained, and leave given to plaintiff to amend his petition.